FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ SEP 17 2004 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL FISHER,

                                   Plaintiff,

      - against -

BIG SQUEEZE (NY), INC.; BARTLETT
DAIRY, INC.; THOMAS MALAVE, SR.;
THOMAS MALAVE, JR.; DONALD
MALAVE; and MICHAEL MALAVE,

                                  Defendants.
------------------------------------------------------------x

**OPINION AND ORDER**

03 CV 5173 (NG) (RML)

**GERSHON, United States District Judge:**

       Defendants Big Squeeze (NY), Inc., Bartlett Dairy, Inc., Thomas Malave, Sr., Thomas Malave, Jr., Donald Malave, and Michael Malave jointly bring this motion to dismiss certain causes of action alleged in the amended complaint, dated February 13, 2004, filed by plaintiff Michael Fisher in this contractual dispute between orange juice manufacturers. For the reasons set forth below, defendants' motion to dismiss is granted in part and denied in part.

## FACTS

       This action arises out of a series of business transactions between plaintiff and defendants, all in the business of making orange juice. The amended complaint alleges the following: Plaintiff was the principal of Big Squeeze Corp., a now dissolved Florida corporation, whose orange juice was ranked second in a nationwide survey by *Consumer Reports* in 1995. In August 1999, plaintiff sold various intellectual property rights from his business, including product formulas and trademarks, for shares in a newly formed New York corporation known as Big Squeeze (NY), Inc.

1

(the "Corporation"), a defendant in this action. Defendant Bartlett Dairy, Inc. ("Bartlett"), a New York corporation, is the only other shareholder of the Corporation. Defendants Thomas Malave, Sr., Thomas Malave, Jr., Donald Malave, and Michael Malave (collectively the "Malave Defendants") are the principals of Bartlett, as well as the officers and directors of the Corporation.

On or about August 6, 1999, the parties entered into three agreements: a Shareholder Agreement ("Shareholder Agreement"), an Addendum to the Shareholder Agreement ("Addendum"), and a Commission Agreement ("Commission Agreement"). The Shareholder Agreement provided, *inter alia*, that plaintiff and Bartlett would be the sole shareholders of the Corporation. Plaintiff would hold 49% of the voting shares of the Corporation and 50% of the non-voting shares; Bartlett would hold the balance of the shares. Furthermore, the Shareholder Agreement required the board of directors, comprised of three of the Malave Defendants, to provide shareholders with monthly profit and loss statements and monthly distributions of net profits according to their *pro rata* non-voting interest in the Corporation, *i.e.* 50% to Plaintiff and 50% to Bartlett. The Addendum provided Bartlett a license to be a manufacturer, distributor, and licensor of orange juice using the Corporation's trademarks and juice formulas, in exchange for a royalty from Bartlett of $0.40 per case of juice sold. An additional Commission Agreement, between plaintiff and Bartlett, provided that plaintiff and Bartlett would share equally all profits derived from the sale of Bartlett products to customers whose business was solicited by plaintiff.

Plaintiff alleges that defendants have used fraudulent accounting practices to understate the revenues and profits of the Corporation, thus depriving him of the distributions due to him under the Shareholder Agreement. Plaintiff further alleges that defendants failed to provide him with monthly profit and loss statements, failed to pay him any commissions, failed to renew the Corporation's

registered trademark, BIG SQUEEZE, and threatened plaintiff and his wife with injury.

Plaintiff's amended complaint sets forth six claims for relief: breach of the Shareholder Agreement and Addendum; breach of the Commission Agreement; demand for an accounting; breach of fiduciary duty; fraudulent concealment of profits; and civil conspiracy. In lieu of answering, defendants move for a partial dismissal. They seek dismissal of the claim for breach of the Shareholder Agreement and Addendum with regard to Bartlett only. They seek dismissal of the remaining claims with regard to all defendants.

## DISCUSSION

### I.    Dismissal Pursuant to Rule 8

Defendants argue that the court should dismiss plaintiff's claim for breach of the Commission Agreement on the ground that it fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). This rule requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal pleading standards of the federal rules, a plaintiff must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). Dismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise untelligible that its true substance, if any, is well disguised. *Id.*

Here, defendants argue that the claim for breach of the Commission Agreement does not meet the requirements of Rule 8(a)(2) because the amended complaint fails to allege "the parties to the Commission Agreement, or any of the terms of the Commission Agreement, or even the nature [of the] agreement." Defs.' Mem. at 14. This argument is unfounded. The amended complaint

3

alleges that plaintiff and Bartlett entered into an agreement by which Bartlett was obligated to pay plaintiff 50% of all profits derived from sales to customers whose business was solicited by plaintiff. It further alleges that plaintiff solicited the business of several large customers, Bartlett derived substantial profits from sales to those customers, but plaintiff was not paid any commissions. Those allegations are sufficient to provide defendants with a "fair understanding of what plaintiff is complaining about" and to enable them "to know whether there is a legal basis for recovery." *Kittay*, 230 F.3d at 541. Accordingly, the claim for breach of the Commission Agreement meets the requirements of Rule 8.

## II.   Dismissal Pursuant to Rule 12(b)(6)

### a.   *The Rule 12(b)(6) Standard*

A dismissal is warranted under Rule 12(b)(6) only if it appears beyond doubt that plaintiff can prove no set of facts in support of a claim that would entitle plaintiff to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College*, 128 F.3d 59, 62-63 (2d Cir. 1997). In ruling on defendants' motion to dismiss, the court must accept as true all factual allegations in the amended complaint and must draw all reasonable inferences in favor of plaintiff. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976); *Hamilton Chapter of Alpha Delta Phi, Inc.* 128 F.3d at 63.

### b.   *Breach of Fiduciary Duty*

Defendants seek dismissal of plaintiff's claim against the Malave Defendants for breach of fiduciary duty on the ground that such a claim may not be raised by a shareholder in an individual capacity, but may be raised only in a derivative action brought on behalf of the Corporation. The leading New York case on this issue is *Abrams v. Donati*, 66 N.Y.2d 951 (1985). In *Abrams*, the

4

Court of Appeals held that a shareholder has no right to maintain an individual claim for a wrong inflicted on a corporation, even if that shareholder loses the value of her investment or incurs personal liability in an effort to maintain the solvency of the corporation. *Abrams*, 66 N.Y.2d at 953. *See also Elenson v. Wax*, 215 A.D.2d 429, 429 (2d Dept. 1995); N.Y. Bus. Corp. Law § 720(b) (McKinney 2003). However, the Court articulated three exceptions to the general rule: A shareholder may sue a corporation in an individual capacity if (1) the shareholder sustained a loss disproportionate to that sustained by the corporation, (2) defendants breached a duty owed to the shareholder independent of any duty owing to the corporation, or (3) the shareholder will be unable to enforce contractual rights against the corporation despite the corporation's being made whole in a derivative action. *See Abrams*, 66 N.Y.2d at 953-54. These exceptions are applied narrowly. "In general, unless the damage suffered by the shareholder is a personal injury, specifically affecting him, and not the other shareholders, courts will not permit the plaintiff shareholder to sue the director or officer of the corporation directly, but only derivatively, for the damage to the corporation." *In re Fischer*, 308 B.R. 631, 652 (E.D.N.Y. 2004) (surveying New York caselaw).

Here, plaintiff argues that the Malave Defendants had a fiduciary duty to act in his best interest with regard to the operation of the Corporation in general, and the use of its intellectual property specifically. He contends that they breached this duty by failing to provide monthly profit and loss statements, failing to declare and pay dividends, conspiring to understate revenues and profits for the purpose of avoiding contractual obligations, and failing to maintain the Corporation's trademark registration. Plaintiff argues that he is the sole party damaged by the Malave Defendants' alleged breach of fiduciary duty because the only other shareholder in the Corporation– namely, Bartlett– is controlled by the Malave Defendants.

Plaintiff's arguments are not persuasive. The damages arising from the Malave Defendants' alleged breach of fiduciary duty were incurred by the Corporation as an entity. The shareholders' fractional interests suffered accordingly; no shareholder suffered damages separate and distinct from the other shareholders. *See Fischer*, 308 B.R. at 652. Bartlett, like plaintiff, was contractually entitled to monthly financial reports and dividend distributions. Bartlett, like plaintiff, would have suffered damages if the Malave Defendants conspired to understate profits or mismanaged the Corporation's intellectual property. That Bartlett is controlled by the Malave Defendants does not alter the analysis. New York courts have held that, on a claim for breach of fiduciary duty, the fact that a corporation is closely held and the defendant fiduciaries own a large share does not provide a basis for departure from the requirement that the claim be brought derivatively. *See Wolf v. Rand*, 258 A.D.2d 401, 403 (1st Dept. 1999) ("Even where the corporation is closely held, and the defendants might share in the award, the claims belong to the corporation..."). *See also Glenn v. Hoteltron Systems, Inc.*, 74 N.Y.2d 386, 392-393 (1989). The purpose of this rule is to prevent impairment of the rights of creditors of the corporation whose claims may be superior to those of the innocent shareholder. *Id*.

As a separate ground for his suit to proceed as a direct action, plaintiff argues that he suffered an individual harm, disproportionate to that of the Corporation, because he was the founder of the Big Squeeze products and trademarks and, as a result, has a special stake in the success of the Corporation. The stake he describes, however, is psychological, not pecuniary. Plaintiff gave up his individual financial interest in the intellectual property of Big Squeeze Corp. when he sold the rights to that property to defendants. Today, his financial interest in the Big Squeeze products and trademarks is no different than that of the Corporation's other shareholders. The emotional harm that

6

plaintiff suffered as a result of defendants' alleged mismanagement of the Corporation, while lamentable, does not provide a basis for recovery on a claim of breach of fiduciary duty.

For the foregoing reasons, plaintiff's claim for breach of fiduciary duty is dismissed.

### c.   *Accounting*

Defendants also seek dismissal of plaintiff's claim for an accounting on the ground that such a claim may be raised only in a derivative action brought on behalf of the Corporation. Pursuant to New York's Business Corporation Law, the remedy of a corporate accounting may be sought only in a shareholder derivative action brought on behalf of a corporation. N.Y. Bus. Corp. Law § 720(b). An action for a corporate accounting brought by a shareholder in the shareholder's individual capacity fails to state a claim under New York law. *Romanoff v. Superior Career Institute, Inc.*, 69 A.D.2d 856, 856 (2d Dept. 1979). Accordingly, plaintiff's claim for an accounting is dismissed.

### d.   *Fraudulent Concealment of Profits*

Defendants seek dismissal of plaintiff's claim for fraudulent concealment of profits on the ground that it is duplicative of plaintiff's breach of contract claims. Under New York law, when an alleged fraud is not separate and distinct from a failure to perform under a contract, the claim is treated as one sounding in contract rather than tort. *Reuben H. Donnelley Corp. v. Mark I Marketing Corp.*, 893 F.Supp. 285, 289 (S.D.N.Y. 1995). The amended complaint in this action alleges that defendants have fraudulently concealed the earnings of the Corporation by failing to provide monthly profit and loss statements and by creating false or misleading financial statements. But this is simply a restatement of plaintiff's first breach of contract claim. In *Ray Larsen Associates, Inc. v. Nikko America, Inc.*, 1996 WL 442799 (S.D.N.Y. 1996), the plaintiff's claim of fraudulent concealment

arose out of a distribution agreement that was allegedly breached through the fraudulent calculation of commissions. The court granted defendants' motion for judgment on the pleadings, holding that the alleged fraud was merely an attempt to conceal the breach of contract. "Such concealment," the court declared, "is not actionable as fraud in New York." *Id. See also Reuben H. Donnelly Corp.*, 893 F.Supp. at 290. Likewise, defendants' alleged fraudulent calculation of profits subject to distribution under the Shareholder Agreement and Addendum is not actionable as fraud. Plaintiff's claim for fraudulent concealment is, therefore, dismissed.

### *e.     Civil Conspiracy*

Defendants seek dismissal of plaintiff's claim for civil conspiracy on the ground that it is not cognizable under New York law. A claim for conspiracy to commit a tort is recognized in New York only to the extent that the plaintiff well pleads the underlying tort. Civil conspiracy cannot stand on its own, apart from an independent claim asserting the underlying tort that the defendants allegedly conspired to commit. *Vasile v. Dean Witter Reynolds, Inc.*, 20 F. Supp. 2d 465, 481 (E.D.N.Y. 1998). Since all of plaintiff's independent tort claims have been dismissed, the civil conspiracy claim must be dismissed, as well.

### *f.     Breach of the Shareholder Agreement and Addendum*

Finally, Bartlett seeks dismissal of plaintiff's claim for breach of the Shareholder Agreement and Addendum, arguing that, although Bartlett was a signatory to the contract, it had no affirmative obligations under the contract. The Shareholder Agreement provides, however: "The Shareholders shall direct the Board of Directors to provide the Shareholders with a monthly profit and loss statement and to simultaneously declare and pay dividends of its profits..." Shareholder Agreement ¶ 11. As a shareholder, therefore, Bartlett has an affirmative obligation under that provision.

Furthermore, the license provision in the Addendum requires Bartlett to pay a fee for every case of orange juice it sells. Addendum ¶ 9. Plaintiff alleges that Bartlett acted in concert with the other defendants to understate the Corporation's revenue from this fee, as well as from other revenue streams, in breach of the license provision and other provisions of the contracts.

Defendants have failed to meet their burden of showing that plaintiff can prove no set of facts in support of his claim that Bartlett breached the Shareholder Agreement and Addendum. Accordingly, defendants' motion to dismiss plaintiff's claim for breach of the Shareholder Agreement and Addendum by Bartlett is denied.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted with regard to plaintiff's claims for breach of fiduciary duty, demand for an accounting, fraudulent concealment of profits, and civil conspiracy; it is denied with regard to plaintiff's two claims for breach of contract.

**SO ORDERED.**



Dated: Brooklyn, New York
September 15, 2004